MILLS, Judge.
Cincinnati Insurance Company (Cincinnati) appeals from a final judgment declaring insurance coverage for sinkhole loss and assessing damages. The question presented is whether the trial court erred in finding the loss covered under the sinkhole collapse provision of the Wiltshires’ insurance policy. It did. We reverse.
Mr. and Mrs. Wiltshire own a home in Pensacola. Unfortunately, holes developed under the paved parking area adjacent to the house, and, in 1978, portions of the pavement collapsed into cone-shaped holes.
The Wiltshires claimed coverage under the following provision of their all-risk homeowner’s policy issued by Cincinnati:
(D) SINKHOLE COLLAPSE COVERAGE
This policy insures against direct loss to the property covered caused by:
Sinkhole collapse, meaning only actual physical damage to such property arising out of, or caused by sudden settlement or collapse of the earth supporting such property and only when such settlement or collapse results from subterranean voids created by the action of water on limestone or similar rock formations.[1]

Cincinnati denied coverage, and the Wilt-shire’s sued for damages and a declaration that the loss was covered.
At trial, each party introduced expert testimony. For the Wiltshires, Bullock, an architect, testified that in his opinion the holes were caused by flowing subsurface water displacing sand under the pavement. He explained that limestone sinkholes are created by carbon dioxide in water dissolving calcium carbonate in limestone; the limestone is dissolved and the earth above it collapses. Bullock initially testified that sand does not dissolve in water, but later said the sand under the Wiltshire’s property could contain calcium carbonate, silicate, and iron which would dissolve in water. He reiterated, however, that the cause of the holes was sand displacement.
For Cincinnati, Bishop, a geologist, testified that a sinkhole is “a funnel-shaped depression in the land surface, generally in a limestone region, communicating with a *1278 subterranean passage developed by dissolution of limestone.” He said the only limestone in Escambia County is 1,100 feet below the surface. He said there are other rock formations which dissolve in the same way limestone dissolves, but none near the surface in Escambia County. He testified further that the holes in the Wiltshire’s property were probably caused by sand displacement, and that such holes are not sinkholes in a geological sense.
The testimony of both experts is essentially in accord on the question of causation. Both believed the holes were caused by water displacing sand. Both testified limestone sinkholes are created by a different process.
In view of this uncontradicted expert testimony, the trial court erred in finding the Wiltshires’ loss covered under the policy provision insuring against earth settlement or collapse resulting from “subterranean voids created by the action of water on limestone or similar rock formations.”
REVERSED.
SMITH and THOMPSON, JJ., concur.

. Section 627.706, Florida Statutes, became law in 1981. It requires property insurers to make sinkhole coverage available. The definition of sinkhole collapse in the quoted policy provision is virtually identical to the following definition found in Section 627.706(3), Florida Statutes (1981):
“Sinkhole loss” means actual physical damage to the property covered arising out of or caused by sudden settlement or collapse of the earth supporting such property only when such settlement or collapse results from subterranean voids created by the action of water on a limestone or similar rock formation.